UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DARRYL ELEY,

                Plaintiff,

            -against-

NEW YORK CITY TRANSIT AUTHORITY
METROPOLITAN TRANSIT AUTHORITY,

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
14 CV 6886 (PKC)

PAMELA K. CHEN, United States District Judge.

    Plaintiff Darryl Eley, proceeding *pro se*, commenced this action on November 19, 2014, against defendant the New York City Transit Authority, and alleges personal injuries stemming from a slip-and-fall in a subway station. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction.

STANDARD OF REVIEW

    At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    Because *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, the Court reads a plaintiff's *pro se* complaint liberally, interpreting it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir.

2008). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Furthermore, the Court must have subject matter jurisdiction over the case to proceed. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Moore v. Angiuli & Gentile, LLP*, No. 12-cv-2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party, or by the court on its own motion. *See Henderson ex rel. Henderson v. Shinseki,* 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62-63 (2d Cir. 2009); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff has filed a complaint against Defendant New York City Transit Authority using a form complaint supplied by the United States District Court for the Southern District of New York. Plaintiff states that on January 25, 2014, as he was exiting the No. 2 train at Franklin Avenue, he slipped on ice and fell down a flight of subway stairs. Compl. at III.C. Plaintiff further alleges that as a result of the fall he sustained injuries. Plaintiff seeks monetary damages.

Plaintiff invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2

Compl. at ¶ II. As the party invoking federal jurisdiction, Plaintiff "bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine,* 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)).

Although Plaintiff alleges that his constitutional rights under the Fourth and Fourteenth Amendments have been violated, his action is essentially a tort claim for the alleged injuries that he sustained in the slip-and-fall. His claim arises under state law, not federal law.[1] *See Banks v. Constantine*, No. 12-cv-3239, 2012 WL 2803616, at *2 (E.D.N.Y. Jul. 10, 2012) ("Any negligence claim against the City of New York in connection with [plaintiff's] slip-and-fall accidents does not arise under federal law.") As Plaintiff has not raised any issue arising under federal law, his claim against Defendant does not satisfy 28 U.S.C. § 1331.

The Court considers whether Plaintiff's action might satisfy 28 U.S.C. § 1332, diversity jurisdiction. To do so, the parties in the action would have to be citizens of different states. 28 U.S.C. § 1332. Here, diversity of citizenship is clearly lacking as Plaintiff resides in Manhattan and Defendant is a public-benefit corporation of the state of New York.

---

[1] This Court expresses no opinion on the validity of Plaintiff's claims under state law. Plaintiff is informed that pursuant to New York law, a notice of claim is a condition precedent to bringing a personal injury action against a municipal corporation such as the New York City Transit Authority. *George v. New York City Transit Authority*, No. 13 Civ. 7986, 2014 WL 3388660, at *2 (S.D.N.Y. July 11, 2014); *see also* New York General Municipal Law § 50–e, which provides that notice of a claim must be served on a municipal corporation defendant "within ninety days after the claim arises"; *see also* N.Y. Pub. Auth. Law § 1212, which provides "an action against the authority founded on tort shall not be commenced ... unless a notice of claim shall have been served on the authority ... in compliance with all the requirements of section fifty-e of the general municipal law." N.Y. Pub. Auth. Law § 1212. Plaintiff may pursue any valid claim that he may have in state court.

Plaintiff's complaint thus fails to establish this Court's subject matter jurisdiction. Whereas ordinarily the Court would allow Plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it declines to do so here where it is clear from Plaintiff's submission that he cannot establish a basis for this Court's subject matter jurisdiction. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus,* 510 Fed. App'x. 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
December 10, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DARRYL ELEY,　　　　　　　　　　　　　　　　　**CIVIL JUDGMENT**

　　　　　　　　　　　　　　　　　　　　　　　14 CV 6886 (PKC)

　　　　　　Plaintiff,

　　-against-

NEW YORK CITY TRANSIT AUTHORITY
METROPOLITAN TRANSIT AUTHORITY,

　　　　　　Defendant.
----------------------------------------------------------------x

　　　　Pursuant to the order issued December 10, 2014 by the undersigned, dismissing the complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(h)(3); it is

　　　　**ORDERED, ADJUDGED AND DECREED**:  That the complaint is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Pamela K. Chen*
　　　　　　　　　　　　　　　　　　　　　　PAMELA K. CHEN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　Brooklyn, New York
　　　　December 10, 2014